STATE AND CITY BANK AND TRUST COMPANY v. M. N. HEDRICK, G. C. HOBGOOD AND BALLARD NORWOOD.

(Filed 19 February, 1930.)

**Bills and Notes O d—Purchaser of demand note six months after its date is not a holder in due course.**

A demand note to be negotiated in due course must be negotiated within a reasonable time after its date, and where the purchaser has acquired it six months after date it is not within a reasonable time, and he will not be regarded as a holder in due course, and a payment or settlement between the original parties will discharge those liable thereon, as against the rights of such purchaser, and the question of whether there should be contribution among the cosureties does not arise. C. S., 2978, 3034.

APPEAL by defendants, G. C. Hobgood and Ballard Norwood, from *Harding, J.*, at May Term, 1929, of ROWAN. Reversed.

This action was heard upon exceptions duly filed by the defendants, G. C. Hobgood and Ballard Norwood, to findings of fact and conclusions of law made by the referee, to whom the action had been referred for trial. All of the exceptions were overruled by the court. The report of the referee was in all respects approved and confirmed.

In accordance with the conclusions of law made by the referee, upon his findings of fact, judgment was rendered:

"(1) That the plaintiff recover of the defendant, M. N. Hedrick, the sum of $3,194.38, with interest on $2,904.91, from 22 April, 1925, and · interest on $289.47 from 24 April, 1929, until paid, to be discharged by payment of one-third of said amount by each of the defendants.

(2) That the defendant, M. N. Hedrick, recover of the defendant, G. C. Hobgood, the sum of $1,064.79 with interest on $968.30 from 22 April, 1922, and interest on $96.49 from 24 April, 1929, until paid; the said sums to be paid to the plaintiff bank by the defendant, G. C. Hobgood, in contributory exoneration of the judgment of said bank against the defendant Hedrick; said payment when made to be credited upon and to discharge *pro tanto* the amount adjudged to be due plaintiff bank by defendant, M. N. Hedrick.

(3) That the defendant, M. N. Hedrick, recover of the defendant, Ballard Norwood, the sum of $1,064.79 with interest on $968.30 from 22 April, 1922, and interest on $96.49 from 24 April, 1929, until paid; the said sums to be paid to the plaintiff bank by the defendant, Ballard Norwood, in contributory exoneration of the judgment of said bank against the defendant Hedrick; said payment when made to be credited upon and to discharge *pro tanto* the amount adjudged to be due plaintiff bank by the defendant, M. N. Hedrick.

(4) That execution issue in this case at the instance of the defendant Hedrick against the defendants, G. C. Hobgood and Ballard Norwood, to enforce the payment of the amounts due by them in contributory exoneration as above set out.

(5) That the plaintiff recover of the defendant, M. N. Hedrick, the costs to be taxed by the clerk, and that M. N. Hedrick recover of G. C. Hobgood and Ballard Norwood, each one-third of the costs of this action, including the referee's fee and the stenographer's fee."

Neither the plaintiff nor the defendant, M. N. Hedrick, excepted to or appealed from the judgment.

The defendants, G. C. Hobgood and Ballard Norwood, excepted to said judgment and appealed therefrom to the Supreme Court.

*Royster & Royster, Craige & Craige and Parham & Lassiter for defendant Hedrick.*

*A. W. Graham, Jr., for defendant Hobgood.*

*Hicks & Stem for defendant Norwood.*

TRUST COMPANY *v.* HEDRICK.

CONNOR, J. On 24 July, 1925—the date of the summons in this action—the plaintiff bank was the owner of a note for the sum of $10,000, executed by the Bank of Virgilina, and payable to the order of the plaintiff. This note was dated 7 December, 1923, and was due and payable thirty days after date. It was in renewal of a note for a like amount, executed on 10 June, 1920, by the Bank of Virgilina, and also payable to the plaintiff. The note held by plaintiff was secured by collateral transferred to plaintiff by the Bank of Virgilina.

At the date of the commencement of this action, the Bank of Virgilina was insolvent. It had been adjudged insolvent, and had ceased to do business on 9 December, 1923. Payments have been made on the note held by plaintiff out of the proceeds of collections made on the collateral securities held by plaintiff for said note. There is now due the plaintiff on said note, as found by the referee, the sum of $2,904.91, with interest from 22 April, 1922.

Plaintiff by this action seeks to recover said sum of the defendant, M. N. Hedrick, by reason of his liability on a note for $5,000, which plaintiff holds as security for the note of the Bank of Virgilina. The defendant, M. N. Hedrick, admits his liability to plaintiff for this sum; he contends, however, that the defendants, G. C. Hobgood and Ballard Norwood, are equally liable with him for said sum, for that upon the facts found by the referee, they are cosureties with him for the Bank of Virgilina on its note held by the plaintiff.

At the commencement of this action, plaintiff held as collateral security for the note of the Bank of Virgilina, three notes, each for the sum of $5,000. Each of these notes was payable to the order of the Bank of Virgilina, and each had been endorsed and negotiated to the plaintiff by said Bank of Virgilina as security for its note to the plaintiff for the sum of $10,000. No payment has been made on either of said notes, and they were all past due at the commencement of this action.

One of these notes, dated 8 December, 1923, and due four months after date, was executed by Griswold & Hedrick, a partnership, of which the defendant, M. N. Hedrick, was a member. This note was executed by the makers for the accommodation of the Bank of Virgilina. They received no consideration for said note. On 9 December, 1923, this note was negotiated to the plaintiff by the Bank of Virgilina, the payee, under such circumstances as constituted the plaintiff the holder in due course of said note. For this reason the defendant, M. N. Hedrick, admitted his liability to the plaintiff for the amount which was due the plaintiff on the note of the Bank of Virgilina, at the commencement of this action, to wit: $2,904.91, with interest from 22 April, 1922.

The other two notes, held by the plaintiff as collateral security for the note of the Bank of Virgilina, were each dated 23 September, 1919;

each was due on demand. One of these notes was executed by Jones & Hobgood, a partnership, of which the defendant, G. C. Hobgood, was a member. The other note was executed by the defendant, Ballard Norwood, and Peyton Puryear, who were partners under the firm name of Norwood & Puryear. Both of these notes were endorsed by the Bank of Virgilina and delivered to the plaintiff on 10 June, 1920, as collateral security for its note to the plaintiff, for the sum of $10,000, executed on said day. Neither the firm of Jones & Hobgood nor the firm of Norwood & Puryear was indebted to the Bank of Virgilina on account of said notes on 10 June, 1920.

Both said firms were engaged in the business of selling tobacco as warehousemen at Virgilina in the State of Virginia during the tobacco selling season of 1919. This season began in September and closed in December of said year. At the beginning of the season both said firms made arrangements with the Bank of Virgilina to pay their checks for tobacco sold by them. In contemplation of possible overdrafts in their account with said bank, each firm executed its note for $5,000, payable to the order of the bank, and due on demand. It was understood that no overdraft would stand on the books of the bank for more than a few days. Each note was held by the bank to cover any possible overdraft in the account of the makers. At the close of the tobacco selling season on or about 20 December, 1919, both said firms had a full settlement with the bank, paying to said bank whatever sum was due on their respective notes. At the date of said settlement, each note was in the possession of the cashier of the bank. He promised to return said notes with their canceled checks to each of said firms. He failed to do this, and subsequently on 10 June, 1920, fraudulently endorsed and negotiated both said notes to the plaintiff.

The referee found as a matter of fact and concluded as a matter of law, that both said notes, dated 23 September, 1919, and due on demand, and negotiated to the plaintiff by the payee on 10 June, 1920, were negotiated within a reasonable time after their issuance, and that therefore the plaintiff took said notes and held the same as a holder in due course. The conclusion of the referee that the defendants, G. C. Hobgood and Ballard Norwood, are liable to plaintiff as sureties, for the amount now due the plaintiff by the Bank of Virgilina, as the balance due on its note for $10,000, and that the three defendants are cosureties for said amount, is predicated upon his finding that plaintiff is the holder in due course of each of said notes for $5,000. It is conceded that plaintiff is the holder in due course of the note executed by Griswold & Hedrick; if the plaintiff is not the holder in due course of the notes executed by Jones & Hobgood and by Norwood & Puryear, then upon the facts found by the referee, plaintiff could not recover upon said notes. If the defendants, G. C. Hobgood and Ballard Norwood, are not liable in this

action to the plaintiff, they cannot be held liable to the defendant, M. N. Hedrick, as cosureties with him. The determinative question, therefore on this appeal, is whether plaintiff is the holder in due course of the notes executed by Jones & Hobgood and by Norwood & Puryear.

It is generally held, without regard to statutory provisions, that a negotiable instrument due and payable on demand is not overdue for the purpose of negotiation, until after the lapse of a reasonable time, and that what is a reasonable time depends upon the facts and circumstances of the particular case. 8 C. J., p. 408, section 603. These principles have been recognized as the law and are included in the Uniform Negotiable Instruments Act, which has been enacted as the law in this State. C. S., 3034, and C. S., 2978. Where a negotiable instrument, payable on demand, is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course. Upon the facts found by the referee, in the instant case, and approved by the Court, we are of opinion that as a matter of law, the negotiation of the notes dated 23 September, 1919, and due on demand, to the plaintiff on 10 June, 1920, was after the lapse of a reasonable time, and that therefore it was error to hold that plaintiff became and was the holder in due course of said notes. Even if it should be held that upon the facts of the instant case, the notes were not overdue until after 20 December, 1919, nearly six months had elapsed from said date before the notes were negotiated to the plaintiff on 10 June, 1920. This is an unreasonable time, and plaintiff cannot be held a purchaser of the notes before maturity, which is essential to make it a holder in due course. C. S., 3033.

As neither the defendant, G. C. Hobgood, nor the defendant, Ballard Norwood, upon the facts found by the referee, is liable to plaintiff on the notes held by plaintiff, neither can be held liable to the defendant, M. N. Hedrick, as cosureties for the Bank of Virgilina.

The judgment that defendant, M. N. Hedrick, recover in this action of the defendants, G. C. Hobgood and Ballard Norwood, is reversed.

As neither the plaintiff nor the defendant, M. N. Hedrick, excepted to or appealed from the judgment, the judgment in favor of plaintiff and against the defendant, M. N. Hedrick, has not been considered on this appeal.

As there was error in holding that defendants, G. C. Hobgood and Ballard Norwood, were cosureties with the defendant, M. N. Hedrick, and that for that reason the defendant Hedrick was entitled to recover in this action against them, we do not discuss or decide other interesting questions presented by this appeal.

In accordance with this opinion, the judgment, insofar as it affects the defendants, G. C. Hobgood and Ballard Norwood, is

Reversed.